150 So. 854

## HUDNELL v. THAMES.

### No. 31826.

### Oct. 30, 1933.

Joel L. Fletcher, of Colfax, for appellant.

John A. & James H. Williams, of Colfax, for appellee.

LAND, Justice.

Plaintiff has sued defendant for the sum of $1,875 damages for the alleged forcible taking by defendant of a truck from plaintiff's premises, thereby causing to him the loss of a contract to haul piling for 130 days, which plaintiff avers would have netted him a profit of $7.50 a day.

Plaintiff also prays for judgment condemning defendant to restore the truck, or, in default of his so doing, for judgment against defendant in the sum of $200, the alleged value of the truck.

Plaintiff has attempted to prosecute this suit in forma pauperis, and has annexed to his petition an affidavit that he is unable because of his poverty and lack of means to pay the present or future costs of this litigation, or to give bond for payment of same.

Act No. 156 of 1912, as amended by Act No. 260, of 1918.

The trial judge sustained the motion of defendant to traverse plaintiff's affidavit, and

ordered plaintiff to secure the costs or make bond for same, and plaintiff has appealed.

The statement of facts and opinion of the trial judge are as follows·

"Statement of Facts by the Court.

"In this case the plaintiff filed the suit in forma pauperis; the defendant traverses the pauper's oath and urges that plaintiff was able to pay costs or secure the costs, and was not entitled to prosecute the suit under the act.

"Evidence was adduced on behalf of both plaintiff and defendant, and this court, therefore, dictates the following statement of facts:

"As gathered from the evidence it is shown that plaintiff owned at the time this suit was brought—it is shown that he had owned and operated a Ford truck to the time this suit was filed which was estimated to be worth from $275.00 to $300.00; at the time this suit was brought the truck was under seizure by the Booth Motor Company under chattel mortgage; it was shown that a balance of $69.00 was due on this truck. It was shown the plaintiff owned a trailer estimated to be worth, say, $150.00; that he owned six head of hogs estimated from seven to fifteen dollars; owned a wagon estimated to be worth fifteen dollars; chains, etc., and other equipment estimated around thirty dollars. It was testified to by plaintiff that there was no market for these things around Dry Prong where he lived, and that he didn't have any money to pay the costs of court and was unable to pay the costs as they accrued or to make bond for same.

"It was shown that plaintiff had a family consisting of wife and ten children, one boy, nineteen years old, who helped him in his work. It was shown that for several years prior to this suit the plaintiff had been engaged in logging operations, running a truck and hauling piling and one thing and another, and his gross receipts were from twelve to fifteen and twenty dollars a day as testified to by him. His expense for gas and oil he thinks was three dollars per day. He states that he had to bunch his logs with a team and that expense was not fixed definitely, nor was the expense of the upkeep of the truck definitely fixed in his testimony. It was not shown that he owned his home or other real estate or other property. There was no testimony before the court to show that he had made any effort to secure the money to pay the costs, or to make bond to secure them.

"The above constitutes the statement of facts as the court recalls the testimony.

"Opinion of the Court.

"This court sustained the rule to traverse, and ordered the plaintiff to secure the costs or make bond for same within a reasonable time and fixed the time at fifteen days from this date for the reason that this court considers that, to permit this plaintiff to prosecute this suit in forma pauperis, would be in effect laying down a precedent that would permit of a large majority of the people of this country to come into court and prosecute suits in forma pauperis, in that a party litigant might file suit at any time for anything and, by simply making a prima facie showing of being unable to pay costs, ride his way from court to court at the expense of the court officials and at the expense of the court stenographer and of the witnesses, who

might be summoned before the court, thereby working very great hardship and untold abuse. This court believes that the pauper act is wholesome legislation, and its object, as expressed in its title, is intended to afford relief to people who are penniless, and who are without means to secure the court costs. The court is not inclined to grant this relief to a man who says he has been working for several years, earning a gross receipt around fifteen dollars per day, and who has worked fairly regularly as the evidence in this case shows plaintiff to have done."

We find no error in the judgment appealed from by plaintiff.

Judgment affirmed.